## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | | |
|---|---|---|
| **DONALD J. VANARTSDALEN** | ) | |
| 1620 S. Lee's Summit Road | ) | **JURY TRIAL DEMANDED** |
| Independence, MO 64050 | ) | |
| | ) | |
| On Behalf of Himself and | ) | **COMPLAINT – CLASS ACTION** |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DEFFENBAUGH INDUSTRIES, INC.** | ) | Case no.:  09-CV-2030 CM/DJW |
| A Missouri Corporation | ) | |
| Registered Agent: | ) | |
| Registered Agent Kansas, Ltd. | ) | |
| 10851 Mastin Blvd., Suite 1000 | ) | |
| Overland Park, KS 66210 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### Collective and Class Action Claims

**COMES NOW** the Plaintiff, Donald VanArtsdalen, on behalf of himself and all others

similarly situated, by and through counsel, and hereby sets forth his representative action for

violations of the Fair Labor Standards Act under § 216(b), and an alternative representative

action for violation of the Kansas Minimum Wage and Maximum Hours Law under Fed. R. Civ.

P. 23 as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, Donald VanArtsdalen, and all other similarly situated employees ("Plaintiffs")

   bring this action against Defendant Deffenbaugh Industries, Inc. ("Deffenbaugh") for

   unpaid overtime compensation and related penalties and damages.  Defendant's practice

   and policy is to willfully fail and refuse to properly pay overtime compensation due and

owing to Plaintiffs and all other similarly situated employees. Doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Alternatively, for all pay periods and/or employees not governed by the FLSA, the Plaintiff, on behalf of himself and all others similarly situated, brings a claim against Defendant for a violation of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), KAN. STAT. ANN. § 44-1202 *et seq.*

2. Defendant's practices are in direct violation of the FLSA and/or the KMWMHL. Plaintiff seeks injunctive and declaratory relief, overtime premiums for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff, Donald VanArtsdalen, currently resides at 1620 S. Lee's Summit Road, Independence, MO 64050. Plaintiff is employed as a Thrower/Hourly Laborer whose job was to throw trash into Defendant's trash trucks for Defendant Deffenbaugh. Plaintiff worked out of Defendant's place of business located at 18181 West 53rd St, Shawnee Kansas 66217, with the corporate office being located at P.O. Box 3220, Shawnee Mission, KS 66217-9742. Plaintiff VanArtsdalen, and all others similarly situated, for the purposes of this collective and/or class action presently work or have worked out of the Shawnee office and were paid by the corporate office in Shawnee, Kansas.

4. Defendant Deffenbaugh is a Missouri corporation doing business in the State of Kansas with its primary place of business located in Kansas and an office address of 18181 West

53rd St, Shawnee Kansas 66217 and a corporate office address of P.O. Box 3220, Shawnee Mission, KS 66217-9742.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

6. The United States District Court for the District of Kansas has personal jurisdiction because Defendants conduct business in Johnson County, Kansas, located within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part within the District of Kansas.

8. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the State of Kansas.

9. The claim for violation of the KMWMHL is based upon the statutory law of the State of Kansas.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for this pendant state law claim because it arises out of the same nucleus of operative facts as those applicable to the FLSA claim.  The causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties. The liability evidence establishing the state law cause of action will be similar and such issue will not predominate nor create confusion for the jury.

## GENERAL COLLECTIVE/CLASS ACTION ALLEGATIONS

10. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiff are similar to the claims of the Putative Plaintiffs.  Alternatively, however, the claims arising under the KMWMHL, as set forth below are properly maintainable as a class action pursuant to FED. R. CIV. P. 23.

11. Putative Plaintiff/Class Members are those current and former Throwers/Hourly Laborers of Defendant who had, or have, substantially similar job duties and who were suffered or permitted to work by Defendant in Kansas, while not being paid overtime compensation for all hours worked.

12. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its Throwers/Hourly Laborers overtime compensation for all hours worked in excess of forty hours per week (or forty-six hours per week for the claims brought pursuant to the KMWMHL).

13. Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to pay overtime compensation to its Throwers/Hourly Laborers for all hours worked in excess of forty hours per week (or forty-six hours per week for the claims brought pursuant to the KMWMHL) are violative of the FLSA and/or Kansas state wage and hour laws.

14. The class size is believed to be sufficiently numerous to warrant treatment as a collective/class action.

15. The Plaintiff will adequately represent the interests of the Putative Plaintiff/Class Members because he is similarly situated to the Putative Plaintiff/Class Members and his

claims are typical of and concurrent to the claims of the other Putative Plaintiff/Class Members.

16. There are no known conflicts of interest between the Plaintiff and the other Putative Plaintiff/Class Members.

17. The Class Counsel is qualified and able to litigate the Putative Plaintiff/Class Members' claims.

18. The Class Counsel concentrates their practice in employment litigation and their attorneys are experienced in collective/class action litigation, including collective/class actions arising under federal and state wage and hour laws.

19. The collective/class action mechanism is superior to any alternative that might exist for the fair and efficient adjudication of this cause of action.

20. Proceeding as a collective/class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort or judicial resources.

21. A collective/class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

22. Collective/class action treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate entity such as Defendant.

23. Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

24. Individual joinder of all Putative Plaintiff/Class Members is not practicable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

25. Each Class Member/Putative Plaintiff has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to compensate employees with overtime premiums for all hours worked over forty hours in a workweek (or forty-six hours per week for claims brought pursuant to the KMWMHL).

26. Collective/class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

27. Plaintiff, on behalf of himself and all others similarly situated, sets forth additional collective/class action allegations within the various counts set forth herein.

## COUNT I – FLSA CLAIM

28. As far as the factual allegations set forth above are applicable to the claims made in Count I, the Plaintiff hereby incorporates paragraphs 1-27 in this Complaint as if fully set forth herein.

29. Plaintiff was employed by Defendant from on or about February 28th, 2002 through October 20th 2008. During this time frame, Plaintiff performed work for Defendant in the position of Thrower/Hourly Laborer whose job it was to throw trash into the trash trucks on Defendant's trash routes.

30. Prior to, during, and after the Plaintiff's employment with the Defendant, the Defendant employed, in Kansas, numerous other individuals who had the same job duties and

compensatory structure as Plaintiff (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

31. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Throwers/Hourly Laborers within three years from the commencement of this action who have not been paid overtime compensation at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

32. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of the Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

33. Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan of refusing to pay overtime in violation of the FLSA.

34. The names and addresses of the Putative Members of the representative action are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

35. At all relevant times, Defendant has been and continues to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and all others similarly situated.

37. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

38. The FLSA requires the Defendant to compensate all non-exempt employees overtime compensation at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

39. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

40. Plaintiff and the putative members of the FLSA representative action are entitled to be paid overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.

41. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Throwers/Hourly Laborers overtime pay at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

42. The Defendant's failure to compensate Plaintiff, and all others similarly situated, overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

43. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its Throwers/Hourly Laborers under the same unlawful policies and procedures that are set forth in detail herein.

44. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

   **WHEREFORE,** Plaintiff, on behalf of himself and all proposed putative members of the FLSA representative action, prays for relief as follows:

   a. Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

   b. Designation of Plaintiff, Donald VanArtsdalen, as Representative Plaintiff of the proposed putative members of the FLSA representative action;

   c. A declaratory judgment that the practices complained herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

   d. An award of damages for overtime compensation due and owing for the Plaintiff and the putative members of the Class, including liquidated damages, to be paid by Defendant;

e.  An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f.  Pre-Judgment and Post-Judgment interest, as provided by law; and

g.  Any and all such further legal and/or equitable relief as this Court deems necessary, just and proper.

## COUNT II – KANSAS MIMINUM WAGE AND MAXIMUM HOURS LAW CLAIM

46. As far as the factual allegations set forth above are applicable to the claims made in Count II, the Plaintiff hereby incorporates paragraphs 1-45 of this Complaint as if fully set forth herein.

47. The Plaintiff, on behalf of himself and all others similarly situated, alternatively brings Count II under the KMWMHL for all pay periods and/or Throwers/Hourly Laborers that are located within the State of Kansas and not governed by the FLSA.

48. At all relevant times, Defendant has been, and will continue to be, an "employer" within the meaning of the KMWMHL, K.S.A. § 44-1202(d).

49. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," within the meaning of the KMWMHL, K.S.A. § 44-1202(e), including the Plaintiff and all others similarly situated.

50. The Plaintiff, on behalf of himself and all others similarly situated, brings a claim for Defendant's violation of the KMWMHL, K.S.A. § 44-1202, *et seq*.

51. The Plaintiff, and all others similarly situated, have substantially similar job requirements and pay provisions, regularly work in excess of forty-six hours per week and are subject to Defendant's common practice, policy or plan of refusing to pay overtime in violation of the KMWMHL.

52. The KMWMHL requires each covered employer, such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty-six hours in a workweek as set forth in K.S.A. § 44-1204.

53. The Plaintiff and the respective putative members of the KMWMHL representative action are not exempt from the right to receive overtime pay under the KMWMHL and are not exempt from the requirement that their employer pay them overtime compensation under the KMWMHL.

54. The Plaintiff, and the putative members of the KMWMHL representative action, are entitled to be paid overtime compensation for all hours worked in excess of forty-six hours in a workweek.

55. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Throwers/Hourly Laborers overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty-six hours in a workweek.

56. Defendant's pay practices and policies stated herein are in violation of the KMWMHL, K.S.A. § 44-1202, *et seq.*, including K.S.A. § 44-1204(a).

57. Defendant's violation of the KMWMHL is continual in nature; in that Defendant continues to pay its Throwers/Hourly Laborers under the same unlawful policies and procedures that are set forth in detail herein.

58. Class certification for claims under the KMWMHL is appropriate pursuant to FED. R. CIV. P. 23(a) in that:

a.   There are questions of law and fact arising in this action which are common to Plaintiff and the putative members of the Class, including: (i) Whether Defendant's pay plan and pay policies for the employees who work as Throwers/Hourly Laborers violate the rights to overtime compensation afforded under the KMWMHL, K.S.A. § 44-1202 *et seq.*; (ii) Whether Defendant's conduct violated the KMWMHL; (iii) Whether Plaintiff and the members of the representative class have suffered damages as a result of Defendant's violation of the KMWMHL; and (iv) the respective class-wide measure of damages; and

b.   For all other relevant reasons set forth in this Complaint.

59. This class action is brought by the Plaintiff on behalf of himself and all others similarly situated, for Defendant's failure to properly pay overtime compensation pursuant to the KMWMHL, and is being brought pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3).

60. Class certification of the representative Class is appropriate under FED. R. CIV. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that :

a.   There is minimal interest of the class members in individually controlling their prosecution of claims under the KMWMHL in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

b.   There is no known prior litigation being prosecuted against the Defendant by this class of employees for violation of the KMWMHL;

c.  It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same legal claims for violations of the KMWMHL;

d.  There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KMWMHL; and

e.  Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

61. Class certification is appropriate under FED. R. CIV. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the respective class members covered by the KMWMHL.  Defendant has acted, and/or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

62. In the absences of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KMWMHL.

63. The Plaintiff has met the requirements of FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

**WHEREFORE,** Plaintiff, on behalf of himself and all proposed Class Members, pray for relief as follows:

a.  Declaring and certifying this action as a proper class action under FED. R. CIV. P.
    23 for the claim that Defendant violated the KMWMHL and naming Plaintiff
    Donald VanArstdalen as the proper class representative;

b.  Declaring and determining that Defendant violated the KMWMHL by failing to
    properly pay overtime compensation due and owing to the Plaintiff and other
    members of the Class;

c.  Enjoining and restraining the Defendant from violating provisions of the
    KMWMHL and judgment be entered herein against Defendant in the amounts
    respectively due Plaintiff and other employees of Defendant similarly situated for
    unpaid overtime compensation;

d.  Costs and expenses of this action incurred herein, including reasonable attorneys'
    fees and expert fees;

e.  An award of damages for overtime compensation due for the Plaintiff and the
    putative members of the Class;

f.  Pre-Judgment and Post-Judgment interest, as provided by law; and

g.  Any and all such other and further equitable relief as this Court deems necessary,
    just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative action have a right to a jury trial.

## DESIGNATION OF PLACE OF TRIAL

**COMES NOW** the Plaintiff, by and through counsel of record, and hereby designates the place of trial as follows:  Kansas City, Kansas.

Respectfully submitted,


s/ Michael Hodgson
Michael F. Brady      KS # 18630
Mike Hodgson          KS # 21331
Heather Lake          KS # 20660
Matthew Osman         KS # 23563
Brady & Associates
10901 Lowell Ave., Ste. 280
 Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
mhodgson@mbradylaw.com
hlake@mbradylaw.com
mosman@mbradylaw.com
ATTORNEYS FOR PLAINTIFF