# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DONALD J. VANARTSDALEN,**
on Behalf of Himself and All Others
Similarly Situated,

                                                                                                                     **CIVIL ACTION**

                              **Plaintiff,**                                 **No. 09-2030-EFM-DJW**

v.

**DEFFENBAUGH INDUSTRIES, INC.,**

                              **Defendant.**

## MEMORANDUM AND ORDER

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. 44-1201, *et seq.* Pending before the Court is Plaintiff's Motion to Certify Questions of Law (ECF No. 52). Plaintiff requests, pursuant to the Uniform Certification of Questions of Law Act, K.S.A. 60-3201, that this Court certify to the Kansas Supreme Court two questions regarding the KMWMHL. Plaintiff argues that a recent decision by the Kansas Court of Appeals renders the law on this KMWMHL issue unsettled, and that this issue will be determinative in the instant case.

Plaintiff asks the Court to certify the following questions of law to the Kansas Supreme Court for ruling:

    1.    Whether an employee is entitled to overtime compensation under the KMWMHL when the employment relationship is excluded from the FLSA pursuant to an exemption unique to federal law.

    2.    Whether an employer may be considered an "Employer" pursuant to the KMWMHL, K.S.A. 44-1202(d), and therefore covered by the provisions of the KMWMHL, when the employer is subject to the FLSA with respect to

other employees, but not the plaintiff, by reason of the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1).

For the reasons set forth below, the Court will deny Plaintiff's Motion.[1]

## I. Introduction

Defendant employed the named Plaintiff as a residential trash thrower ("trash thrower") for a number of years. Plaintiff claims that Defendant maintains a policy and practice of failing to pay trash throwers overtime for all hours worked in excess of forty hours per week. Plaintiff claims that this alleged policy and practice violates the FLSA, and he brings this FLSA action, on behalf of himself and others similarly situated, for unpaid overtime compensation, liquidated damages, and attorney's fees. He has filed a motion to certify the FLSA claims as a collective action, which remains pending.

Defendant denies any liability to Plaintiff and other similarly situated individuals under the FLSA. Although Defendant concedes in its response to the Motion to Certify Questions of Law that it is an employer subject to regulation under the FLSA, Defendant maintains that Plaintiff and others similarly situated are exempt from the FLSA's overtime rules under the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1).

Plaintiff also brings an alternative class action claim under the KMWMHL based on Defendant's alleged policy and practice of failing to pay trash throwers overtime pay for hours worked in excess of forty-six hours per week. Defendant denies any liability under the KMWMHL

---

[1]The undersigned Magistrate Judge notes that he is authorized to rule on this motion pursuant to 28 U.S.C. § 636(b)(1)(A) and D. Kan. Rule 72.1.1. Those rules allow magistrate judges to rule on pretrial and non-dispositive motions. Furthermore, the Court notes that a motion to certify a question of state law for decision by a state court is not contained in the § 636(b)(1)(A) list of motions that a magistrate judge does not have jurisdiction to hear.

to Plaintiff and others similarly situated. Defendant asserts that because it is an employer subject to the FLSA, K.S.A. 44-1202(d) dictates that it cannot also be an employer subject to the KMWMHL.

## II. Nature of the Matter Before the Court

Plaintiff states that he filed his alternative KMWMHL claim in reliance on the Kansas Supreme Court's decision *in Dollison v. Osborne County*[2] and other decisions of the Kansas Supreme Court and this Court. (These decisions will be discussed in more detail later.) Plaintiff contends that under these decisions, he should be allowed to pursue his KMWMHL claim even if this Court determines that the Motor Carrier Act exemption applies to bar his FLSA claim. Plaintiff argues, however, that the Kansas Court of Appeals's recent decision in *Brown v. Ford Storage and Moving Co., Inc.*,[3] conflicts with these cases and creates "an apparent inconsistency" between these various decisions.[4]

Plaintiff explains that "[t]he question in [the instant] case, as in *Brown*, is whether a plaintiff may be entitled to overtime protection under the KMWMHL when the plaintiff is excluded from the overtime protections of the FLSA as a result of the application of a federal exemption."[5] He argues that *Brown* "has called into question the validity of the rulings" in *Dollison* and other cases, leaving his KMWMHL claim "in a state of flux due to conflicting precedent between the Kansas Supreme

---

[2]241 Kan. 374, 737 P.2d 43 (1987).

[3]43 Kan App. 2d 304, 224 P.3d 593 (2010).

[4]Pl.'s Mem. in Support of Mot. to Certify Questions of Law (ECF No. 53) at 3.

[5]*Id*. at 6.

3

Court, the Kansas Court of Appeals and the United States District Court for the District of Kansas."[6] He argues that the conflict between *Brown* and these cases means there is no controlling precedent upon which this Court may rely to decide whether Defendant is an employer covered by the KMWMHL. Thus, Plaintiff urges this Court to certify the above questions to the Kansas Supreme Court for decision.

Defendant opposes Plaintiff's motion, and asserts that there is no conflict between the Kansas Court of Appeals's decision in *Brown* and the Kansas Supreme Court's decision in *Dollison*. Defendant argues that *Brown* is directly on point and that it is controlling precedent in this case. Defendant also argues that the other decisions cited by Plaintiff are irrelevant because they (1) are not on point, and/or (2) were decided by a federal court. Defendant contends that any alleged conflict with a federal decision is immaterial because "answers to certified question of law must be based on Kansas precedent rather than federal rulings interpreting Kansas law."[7]

## III. The Law Regarding Certification of Questions to the Kansas Supreme Court

Plaintiff moves this Court to certify questions of state law to the Kansas Supreme Court pursuant to the Kansas Uniform Certification of Questions of Law Act, K.S.A. 60-3201. As provided by that statute, the Kansas Supreme Court

> may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, [or] a United States district court . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no

---

[6]*Id*. at 2

[7]Def.'s Resp. to Pl.'s Mot. to Certify Questions of Law (ECF No. 58) at 6.

controlling precedent in the decisions of the supreme court and the court of appeals of this state.[8]

The decision whether to certify rests within the sound discretion of the federal court.[9] It is well settled that "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law."[10] In fact, a federal court is obligated to decide questions of state law whenever necessary to render a judgment, absent some recognized public policy or defined policy dictating otherwise.[11] Although certification may be appropriate "where the legal question at issue is novel and the applicable state law is unsettled,"[12] certification is never compelled.[13] This is true, even when there is no state law governing the issue.[14] In deciding whether to certify, a court may consider whether the certification would "save[] time, energy, and resources, and help[] build a cooperative judicial federalism."[15]

---

[8]K.S.A. 60-3201.

[9]*Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005); *U. S. v. Jones*, 512 F. Supp. 2d 1193, 1194 (D. Kan. 2007); *Kan. Judicial Watch v. Stout*, 455 F. Supp. 2d 1258, 1262 (D. Kan. 2006).

[10]*Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988); *accord Jones*, 512 F. Supp. 2d at 1193; *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996).

[11]*Kan. Judicial Watch,* 455 F. Supp. 2d at 1262 (quoting *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998)).

[12]*Jones*, 512 F. Supp. 2d at 1194 (quoting *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990)).

[13]*Boyd Rosene and Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)).

[14]*Id*. (citing *Lehman Bros.*, 416 U.S. at 390-91).

[15]*Id*. (quoting *Lehman Bros.*, 416 U.S. at 390-91).

Applying these rules to this case, the Court must first determine and articulate the question of law that may be determinative of the action. After framing that question, the Court must then determine whether there is any "controlling precedent" from the Kansas Supreme Court or Kansas Court of Appeals that would answer that legal question.[16] If the Court determines that there is no such "controlling precedent" then the Court may wish to consider whether certification would save time, energy, and resources, and build a cooperative judicial federalism. The Court may then make its final determination as to whether certification is appropriate and determine the precise wording of the question to be certified.

## IV. Analysis

### A. What Are the Question or Questions of Law That May Be Determinative of This Action?

Although Plaintiff asks the Court to certify two questions to the Kansas Supreme Court, those questions can really be combined into one succinct question. Indeed, in his briefing, Plaintiff has articulated a single question of law that he indicates will be determinative of his KMWMHL claim. He frames that question as follows: "[W]hether a plaintiff may be entitled to overtime protection under the KMWMHL when the plaintiff is excluded from the overtime protections of the FLSA as a result of the application of a federal exemption."[17] (In this case, the federal exemption that Defendant contends applies to Plaintiff and others similarly situated is the Motor Carrier Act exemption.) Defendant does not dispute that this is the ultimate question upon which Plaintiff's KMWMHL claim will turn. The Court thus finds this issue to be "the question of law of this state

---

[16] *See* K.S.A. 60-3201 (to certify a question of law it must appear to the certifying court that "there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.").

[17] P.'s Mem. in Support of Mot. to Certify Questions of Law (ECF No. 53) at 6.

which may be determinative of the cause then pending in the certifying court" within the meaning of K.S.A. 60-3201. (Hereinafter this question of law will be referred to as "the Determinative Question of Kansas Law.")

### B. The KMWMHL

The Court will now turn to the provision of the KMWMH at issue. That provision is K.S.A. 44-1202(d), which defines the term "employer" under the KMWMHL. It states:

> "Employer" means any individual, partnership, association, corporation, business trust or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, *but shall not include any employer who is subject to the provisions of the fair labor standards act* of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto.[18]

Pursuant to K.S.A. 44-1202(d), then, an employer who is "subject to" the FLSA is not deemed an employer under the KMWMHL. If an entity or person is not an "employer' within the meaning of the KMWMHL, then that person or entity has no liability for overtime under the KMWMHL.[19]

As noted above, Defendant maintains that it is "subject to" the FLSA and therefore not an employer within the meaning of the KMWMHL. Defendant contends that it is subject to the FLSA notwithstanding the fact that it asserts Plaintiff is exempt from the FLSA's overtime provisions under the Motor Carrier Act exemption of the FLSA, 29 U.S.C. § 213(b)(1).

---

[18]K.S.A. 44-1202(d) (emphasis added).

[19]Under the plain meaning of K.S.A. 44-1204(a), only "employers" are required to pay overtime. *See Brown v. Ford Storage and Moving Co., Inc*, 43 Kan. App. 2d 304, 313, 224 P.3d 593 (2010) (because defendants "are not 'employers' as that term is used in the KMWMHL . . . they owe their employees, including [plaintiff] no duty to pay Kansas overtime wages under the plain language of K.S.A. 44-1204(a).").

7

### C. Body of Case Law That Plaintiff Contends Provides No "Controlling Precedent"

Plaintiff maintains that the Kansas Supreme Court answered his Determinative Question of Kansas Law in *Dollison v. Osborne County*[20] and *State ex rel Ludwick v. Johnson County*[21] and that this Court ruled consistently with *Dollison* and *Ludwick* in *Clements v. Emery Worldwide Airlines, Inc.*[22] and *Armstrong v. Wackenhut.*[23] Plaintiff contends that under *Dollison*, *Ludwick*, *Clements* and *Armstrong*, he would be allowed to pursue his KMWMHL claim even if Defendant is found to be exempt from paying overtime under the Motor Carrier Act exemption because those cases would find that Defendant is not "subject to" the FLSA and therefore an "employer" under the KMWMHL. He contends, however, that the Kansas Court of Appeals took a contrary position in 2010, when it decided *Brown v. Ford Storage and Moving Co., Inc.*[24] Plaintiff argues that this "conflict" between *Brown* and the other cases means that no "controlling precedent" on his Determinative Question of Kansas Law exists and therefore requires certification of his questions of law to the Kansas Supreme Court.

### D. Is There Controlling Precedent on this Question?

The Court finds Plaintiff's argument unpersuasive. For the reasons set forth below, the Court concludes that the Kansas Court of Appeals' *Brown* decision does not create any conflict with prior Kansas Supreme Court case law nor does it create any unsettled issue of law. In fact, the Court finds that *Brown* is controlling precedent on Plaintiff's Determinative Question of Kansas Law.

---

[20] 241 Kan 374, 737 P.2d 43 (1987).

[21] 233 Kan 79, 661 P.3d 377 (1983).

[22] 44 F. Supp. 2d 1141 (D. Kan. 1999).

[23] No. 08-2509-JWL, 2009 WL 413189 (D. Kan. Feb. 18, 2009).

[24] 43 Kan App. 2d 304, 224 P.3d 593 (2010).

In *Brown*, a delivery truck driver brought an action on behalf of himself and other similarly situated truck drivers to recover under the KMWMHL overtime wages for hours worked in excess of 46 hours per week.[25] Brown sued two defendants, Ford Storage and Moving Co. ("Ford") and Nebraska Furniture Mart ("Nebraska"). The trial court granted Ford's motion to dismiss and Nebraska's motion for summary judgment, holding that neither was an employer within the meaning of the KMWMHL because each was "subject to" the FLSA.[26]

The Kansas Court of Appeals affirmed the trial court's decision.[27] The Court of Appeals found that Ford and Nebraska were "subject to" the FLSA notwithstanding the fact that the plaintiff and other similarly situated drivers were exempt from the FLSA's overtime provisions under the Motor Carrier Act.[28] Ford and Nebraska were still "subject to" the FLSA because they satisfied the jurisdictional requirements of the FLSA in that each was engaged in interstate commerce and did more than $500,000 in annual interstate business.[29] Also, Ford and Nebraska were subject to the FLSA because they were (1) obligated to pay their employees the federal minimum wage mandated by the FLSA and not the traditionally lesser minimum wage required under the KMWMHL; (2) prohibited by the FLSA from using gender as a basis to set pay; (3) subject to the FLSA's child labor provisions; and (4) subject to the FLSA's recordkeeping requirements.[30]

---

[25]*Id*. at 305-06.

[26]*Id*. at 306.

[27]*Id*. at 318-19.

[28]*Id*. at 305 & Syl. ¶ 7, 315.

[29]*Id*. at 312.

[30]*Id*. at 312-13.

In light of those facts, the *Brown* Court held that Ford and Nebraska, under the plain meaning of K.S.A. 44-1202(d), were not employers because "[t]he definition of 'employer' in the KMWMHL excludes those employers 'subject to' the FLSA."[31] Because Ford and Nebraska were not "employers" within the meaning of the KMWMHL, they had no duty to pay Plaintiff and the other similarly situated drivers overtime wages for hours worked in excess of forty-six hours per work week.[32]

Plaintiff does not attempt to distinguish the facts in *Brown* from those in the instant case, and, in fact, admits that "[t]he facts of *Brown* are similar to the factual issues in the instant litigation."[33] Thus, he makes no argument that Brown is "not controlling precedent" based on *factual* differences. His only argument that *Brown* is "not controlling precedent" is based on an asserted conflict between the legal holdings in *Brown* on the one hand and *Dollison*, *Ludwick*, *Clements*, and *Armstrong* on the other.

The Court does not find that the legal holding in *Brown* is at odds with *Dollison* or that the Kansas Court of Appeals somehow erred in interpreting *Dollison* or K.S.A. 44-1202(d). The Court of Appeals in *Brown* took great pains to explain that its conclusion that the defendants in that case were not "employers" within the meaning of K.S.A. 44-1202(d) was *not* inconsistent with the Kansas Supreme Court's decision in *Dollison*. The Court in *Brown* explained how the facts in *Dollison* differed from those before it and how *Dollison* did not directly control the result in Brown's case. The *Brown* court stated:

---

[31]*Id*. at 313.

[32]*Id*..

[33]Pl.'s Mem. in Support of Mot. to Certify Questions of Law (ECF No. 53) at 2.

10

We read *Dollison* differently than do Brown and the district court in *Clements*. It is important to read *Dollison* closely and understand what was really at issue in the case.

In *Dollison*, the employer was Osborne County, a unit of local government. The wage claims at issue there arose during a time when the FLSA had been interpreted by the United States Supreme Court not to apply to state and local governments. While a later United States Supreme Court decision reversed that interpretation—making the FLSA applicable to state and local government—the *Dollison* opinion recognized that the later Supreme Court decision was not retroactive and, thus, the FLSA did not apply to the claims against Osborne County. Instead, all of the pay claims at issue in *Dollison* arose before the FLSA was applied to local governments. 241 Kan. at 384-85, 737 P.2d 43.

*Dollison* dealt with a defense to an overtime claim that is the exact opposite of the defense being asserted here. Dollison's employer, Osborne County, did not contend that it was exempt from the requirements of the KMWMHL because it was already subject to the FLSA. It could not make that argument because the FLSA had no application to local governments at that time. Instead, Osborne County apparently contended that it was exempt from coverage under the KMWMHL because it was exempt under the FLSA. At least, that is how the district court treated the employer's defense. The district court relied on an exemption from the FLSA to determine that Osborne County had no obligation to pay further wages to Dollison. On appeal, our Supreme Court held that an FLSA exemption could not shield Osborne County from possible liability under the KMWMHL. 241 Kan. at 385, 737 P.2d 43.

Returning to the facts in *Dollison*, the Osborne County undersheriff sued the county for overtime pay under the KMWMHL. The district court denied relief, finding that the county's sheriff's department met the FLSA exemption that applied to law enforcement organizations with fewer than five employees. 29 U.S.C. § 213(b)(20) (2006). In doing so, the district court failed to address the issue of coverage under the KMWMHL, the statutory basis for Dollison's claim. The Supreme Court reversed and remanded.

The fewer than five employees exception in law enforcement activities found in 29 U.S.C. § 213(b)(20) (2006) of the FLSA is not also found in the KMWMHL. The district court denied Dollison's claim based on his employer being exempt under the FLSA. But Dollison's claim was based upon a violation of the KMWMHL, not the FLSA. The district court apparently considered the FLSA and the KMWMHL as coextensive; that is, exclusion from one means exclusion from both.

Our Supreme Court noted that, pursuant to K.S.A. 44-1202(d), "Kansas law does not apply to 'employers' who are obliged to meet the standards of the FLSA." 241 Kan. at 381, 737 P.2d 43. The statute specifically excludes "any employer who is subject to the provisions of the [FLSA]." 241 Kan. at 381, 737 P.2d 43. But the district court denied overtime payment not because Dollison was excluded under the

KMWMHL, but because he was excluded under the FLSA. This was despite the fact that the KMWMHL has a specific overtime pay provision applicable to an employee engaged in law enforcement. K.S.A. 44-1204(b). The Supreme Court stated:

> "It may be that an employee is required to work longer before he qualifies for overtime pay under the KMWMHL than under the FLSA, but this does not detract from the plain wording of the Kansas law. If an employment relationship *312 is excluded from the FLSA under the exemption that is unique to the federal law, the employee would still be subject to the KMWMHL." 241 Kan. at 383, 737 P.2d 43.

Thus, the Supreme Court rejected the notion that the FLSA and the KMWMHL are coextensive. In other words, being exempt from coverage under the FLSA does not automatically mean the employer is exempt under the KMWMHL. Such a notion would "effectively nullify the state law." 241 Kan. at 383, 737 P.2d 43. Because the district court resolved the matter based on an exemption in the FLSA without considering whether there was an applicable exemption under the KMWMHL, the Supreme Court remanded the case for further consideration of Dollison's claim under Kansas law.

*Dollison's* reference to exemptions and being exempt is somewhat confusing—and perhaps misleading—when divorced from the factual context of that case. The employer in *Dollison* simply was not subject to the FLSA at all. However, a different employer may be subject to the FLSA yet exempt from some aspects of the employer-employee wage relationship, such as the payment of overtime. In such a different context, the language of *Dollison* cannot be applied literally.

The *Dollison* court relied on "the plain wording of the Kansas law." 241 Kan. at 383, 737 P.2d 43. So do we. *Dollison* does not control the outcome in Brown's case. The plain wording of K.S.A. 44-1202(d) does.[34]

For these very reasons, which were reasonably and well articulated by the Kansas Court of Appeals, this Court finds that there is no conflict between the holdings of *Brown* and *Dollison*.

The Court will now turn to the other decisions that Plaintiff contends are in conflict with *Brown* so as to lead to an alleged inconsistency or uncertainty in the law. As noted above, Plaintiff argues that *Brown* "has called into question the validity" of not only *Dollison* but also the Kansas

---

[34] *Brown*, 43 Kan. App. 2d at 310-12.

Supreme Court's decision in *Ludwick v. Johnson County*,[35] leaving his KMWMHL claim "in a state of flux."[36] Plaintiff never explains how *Brown* allegedly conflicts with *Ludwick*. In fact, Plaintiff's only cites *Ludwick* for the proposition that an "entire act should be construed according to its sprit and reason, disregarding so far as may be necessary the literal import of words or phrases which conflict with the manifest purpose of the legislature."[37] The Court fails to see how this proposition conflicts with *Brown* or makes the law regarding K.S.A. 44-1202(d) unsettled. Out of an abundance of caution,

the Court has reviewed the facts and holding of *Ludwick*, and still fails to see its relevance here. The *Ludwick* court applied various rules of statutory construction and examined the legislative intent behind the KMWMHL, and concluded that a county and its agencies, such as an emergency medical service agency, are employers within the meaning of K.S.A. 44-1202(d).[38] Unlike the instant case and *Brown*, Ludwick did not involve a private employer and the employer never argued that it was "subject to" the FLSA and therefore not an employer under the KMWMHL. Thus, *Ludwick* has no applicability to the present case and no relevance to the *Brown* decision.

Plaintiff also argues that *Brown* is in conflict with *Clements v. Emery Worldwide Airlines, Inc.*[39] and *Armstrong v. Wackenhut Corp.*[40] Even assuming for argument's sake that those cases do conflict with *Brown*, that conflict is immaterial because they are *federal* decisions. In deciding

---

[35] 233 Kan. 79, 661 P.2d 377 (1983).

[36] Pl.'s Mem. in Support of Mot. to Certify Questions of Law (ECF No. 53) at 2.

[37] *Id.* at 3-4 (quoting *Ludwick*, 233 Kan. at 84).

[38] *Ludwick*, 233 Kan. at 81-86.

[39] 44 F. Supp. 2d 1141 (D. Kan. 1999).

[40] No. 08-2509-JWL, 2009 WL 413189 (D. Kan. Feb. 18, 2009).

whether to certify a question to the Kansas Supreme Court under the Uniform Certification of Questions of Law Act, it must appear to this Court that "there is no controlling precedent in the decisions of *the supreme court and the court of appeals of this state*."[41] Thus, the only precedent that is material is precedent from the Kansas Supreme Court and the Kansas Court of Appeals. A federal ruling interpreting Kansas law is simply not material. As a result, this Court's rulings in *Clements* and *Armstrong* are not to be considered in determining whether there is "controlling precedent" on this issue.

V.    **Conclusion**

The Court, in its discretion, denies Plaintiff's Motion to Certify Questions of Law. The issue at hand, i.e., whether a plaintiff is entitled to overtime protection under the KMWMHL when the plaintiff is excluded from the overtime protections of the FLSA under the Motor Carrier Act exemption, has been addressed by the Kansas Court of Appeals in *Brown*. Plaintiff admits that *Brown* is factually similar to the instant case, and he fails to show how *Brown* in is conflict with the Kansas Supreme Court's decision in *Dollison*. Indeed, the Court of Appeals in *Brown* thoroughly discussed *Dollison* and explained in great detail why *Dollison* did not control the outcome in *Brown*. In sum, Plaintiff has failed to show that there is a lack of controlling precedent from the Kansas state courts that would require certification of the issue at hand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Questions of Law (ECF No. 52) is denied.

---

[41] K.S.A. 60-3201 (emphasis added).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of September 2010.

s/David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties